UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JAMES ALLEN, JR. and REBECCA ALLEN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO: 3:16-cv-306-TLS-MGG |
|  | ) |  |
| HARBOR FREIGHT TOOLS USA, INC. d/b/a PITTSBURGH AUTOMOTIVE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

This case was removed to this Court on May 17, 2016, from the St. Joseph County Circuit Court by Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The Notice of Removal alleges, among other things, that "[u]pon information and belief, at the time of the filing of the Complaint, the Plaintiff was domiciled in St. Joseph County, Indiana, and, therefore, was a citizen of Indiana." Doc. No. 1 at 2, ¶ 5.

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

To demonstrate citizenship, Defendant must establish the domicile of all parties. *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the

long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). In addition, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see also Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).

Here, Defendant's jurisdictional statement in its Notice of Removal is deficient for two reasons. First, Defendant alleges the domicile only of "the Plaintiff," without any explanation of which plaintiff is being referenced. Second, Defendant's allegation of "the Plaintiff's" domicile and citizenship are based only upon information and belief. These shortcomings jeopardize Defendant's removal.

Therefore, Defendant is **ORDERED** to supplement the record on or before **September 20, 2016**, by filing an amended notice of removal that properly sets forth the citizenship of each party based on its personal knowledge.

**SO ORDERED.**

Dated this 6th day of September, 2016.

S/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
